Mr. Justice James
delivered the opinion of the Court:
This is an action for money had and received to the use of the plaintiff, based on the following case:
On the 16th of May, 1884, the plaintiff went to the bank at about half-past three and, although the bank had closed for the day, was admitted to a back room where he found the paying teller, Mr. Drinkard. Explaining that he was obliged to go to New York that evening and would need the money, he handed to the paying teller two checks drawn on the bank by one George H. Levis, one of them dated on that day, the other on the 18th of May, and each for $1,000. The paying teller brought from his desk in the banking room the money for the check dated on the 16th, and then called the plaintiff’s attention to the fact that the other check was post-dated. The plaintiff explained that he would not be in the city on the 18th; and the paying teller thereupon kept the post-dated check, saying that he would carry it to the plaintiff’s credit on the 19th, the 18th being Sunday, and that the plaintiff could check against it. He then requested the plaintiff to write his name in what was called the Signature Book, which was .done.
The plaintiff offered evidence tending to show that at the opening of the bank on the 19th the paying teller still had the check of the 18th in his possession; that at that time there was a deposit to the credit of Levis, unappropriated and subject to the payment of the check, amounting to $5,083; that on that day the bank paid out, on other checks of the same drawer, to different persons various sums amounting to $5,420, some .of these checks being dated of that day; that among the payments so made were $1,590 on two New York drafts payable to the bank which had *361 been cashed by the bank and had not been paid in New York; that is to say, that the bank had paid that sum to itself out of the deposit. The check left with the paying-teller by the plaintiff was returned to him on the 23d of May duly protested, the notary’s certificate stating that it had been presented at the bank for payment at the request of the hank.
No evidence was offered on the part of the defendant, and the Court instructed the jury to find for the defendant.
It was urged at the argument in this Court, on the part of the defendant, that the paying teller was not authorized by his office to receive and give credit for the check; that he, therefore, acted, in whatever was done, as agent for the plaintiff, and that if he did not seasonably present the check so as to get it cashed by the bank, it was plaintiff’s misfortune in employing a careless agent.
The notary’s certificate is evidence of the facts stated in it; and it thereby appears the check was protested at the request of the bank. It follows that the bank treated the check as being in its possession for the collection and thus recognized and ratified the paying teller’s act of receiving it. For all the purposes of the transaction it adopted him as a receiving teller, and the check must be held to have been originally received by the bank for collection. The bank was bound, therefore, by the paying teller undertaking to place the check to plaintiff’s credit.
We think this case clearly comes within the principle of Kilsby vs. Williams, 5 Barn. & Aid., 815, where it was held that the defendant, a banker, having received a check and charged himself with the duty of applying to it any money of the drawer which should come in, was bound to give preference to that check over its own claim for a balance clue from the drawer.

Judgment is reversed, and the case is remanded for a new trial.